NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA ESPERANZA-MARTINEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1932

Agency No.
A073-884-722

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2023**
Pasadena, California

Before: RAWLINSON, HURWITZ, and OWENS, Circuit Judges.

Maria Esperanza-Martinez (Esperanza-Martinez), a native and citizen of El

Salvador, petitions for review of a decision of the Board of Immigration Appeals

(BIA) dismissing her appeal from the denial by an Immigration Judge of a motion

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

to rescind an *in absentia* removal order and a motion to reopen her immigration proceedings based on her purported eligibility for adjustment of status. The BIA agreed with Esperanza-Martinez that she did not receive proper notice of the hearing that resulted in the *in absentia* removal order, but declined to reopen or remand proceedings because she had not shown eligibility for any form of relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

"The BIA's denial of a motion to reopen is reviewed for abuse of discretion, and this court defers to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law. . . ." *Reyes-Corado v. Garland*, 76 F.4th 1256, 1259 (9th Cir. 2023) (citation, alteration, and internal quotation marks omitted).

The BIA did not abuse its discretion in denying Esperanza-Martinez's motion to reopen because she was not prima facie eligible for adjustment of status, which was the only immigration relief she sought. "Prima facie eligibility for relief is established when the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied. . . ." *Sarkar v. Garland*, 39 F.4th 611, 622 (9th Cir. 2022) (citations and internal quotation marks omitted). At the discretion of the Attorney General, an "admitted" noncitizen may seek adjustment of status "if the [noncitizen] is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and an immigrant visa is immediately available to [her] at the time [her] application is filed." *Romero v.*

*Garland*, 7 F.4th 838, 840 (9th Cir. 2021) (per curiam) (citation, alteration, and internal quotation marks omitted).

Although Esperanza-Martinez maintains that reopening of her removal proceedings was warranted due to her pending "family-based visa petition," substantial evidence supports the BIA's determination that Esperanza-Martinez was not prima facie eligible for adjustment of status because she did not have an approved visa petition and she was not admitted into the United States because she "previously entered without inspection." *See Ayanian v. Garland*, 64 F.4th 1074, 1082 (9th Cir. 2023) (explaining that "[o]nly after a visa number becomes available for an eligible family-preference applicant may the applicant file an application for adjustment of status") (citations omitted); *see also Posos-Sanchez v. Garland*, 3 F.4th 1176, 1182-83 (9th Cir. 2021) (stating that the Immigration and Nationality Act (INA) "generally defines the words 'admission' and 'admitted' as the lawful entry of the [noncitizen] into the United States after inspection and authorization by an immigration officer") (citations and some internal quotation marks omitted).[1] Because Esperanza-Martinez was not prima facie eligible for

---

[1] Without citations to the record or supporting legal authority, Esperanza-Martinez maintains that she was "admitted into the United States" because she "satisfie[d] 245A of the INA." However, Esperanza-Martinez entered the United States in 1988, and the record does not reflect that she was admitted under INA § 245A. *See Ortega de Robles v. I.N.S.*, 58 F.3d 1355, 1359 (9th Cir. 1995) (articulating that "INA § 245A, codified at 8 U.S.C. § 1255a, was a broad legalization program for [noncitizens] who had resided unlawfully in the United

adjustment of status, the BIA's denial of her motion to reopen was not arbitrary, irrational, or "contrary to law." *Reyes-Corado*, 76 F.4th at 1259 (citation omitted).

**PETITION FOR REVIEW DENIED.**

---

States since 1982, had been continuously physically present here since 1986, and who were otherwise admissible as immigrants") (citation and internal quotation marks omitted).